UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SOPHIA WILLIAMS, *et al.* )<br>                             )<br>      Plaintiffs, )<br>                             )<br>      v. )       Civil Action No. 07-1612 (CKK)<br>                             )<br>DISTRICT OF COLUMBIA, )<br>                             )<br>      Defendant. )<br>                             ) | |

## DEFENDANT'S MOTION TO DISMISS

The Defendant District of Columbia, by counsel, respectfully moves this Court to dismiss the present Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiff brought this action to challenge a hearing officer's final decision in an administrative proceeding under the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§ 1400 *et seq.* ("IDEIA"). Because the IDEIA provides a 90-day limitations period for filing such actions, and since the Complaint herein was not filed within that 90-day period, the Defendant requests that this Court dismiss the Complaint with prejudice.

The reasons for this motion are set forth in the accompanying memorandum of points and authorities.

                                              Respectfully submitted,

                                              PETER J. NICKLES
                                              Interim Attorney General for the District of Columbia

                                              GEORGE C. VALENTINE
                                              Deputy Attorney General, Civil Litigation Division

|  |  |
|---|---|
|  | **/s/ Edward P. Taptich** |
|  | EDWARD P. TAPTICH |
|  | Chief, Equity Section 2 |
|  | Bar Number 012914 |
|  |  |
|  | **/s/ Juliane T. DeMarco** |
|  | Juliane T. DeMarco |
|  | Assistant Attorney General |
|  | Bar Number 490872 |
|  | 441 Fourth Street, N.W., Sixth Floor |
|  | Washington, D.C. 20001 |
|  | (202) 724-6614 |
|  | (202) 741-0575 (fax) |
| June 25, 2008 | E-mail: Juliane.DeMarco@dc.gov |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SOPHIA WILLIAMS, *et al.* | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 07-1612 (CKK) |
| DISTRICT OF COLUMBIA, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF THE DEFENDANT'S MOTION TO DISMISS**

On September 11, 2007, Plaintiff filed the above captioned complaint appealing a hearing officer's decision ("HOD") issued on June 12, 2007 and requesting relief pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §1400 *et seq.* ("IDEIA"). Complaint, ¶ 1, 3. Plaintiff seeks declaratory relief finding the District of Columbia Public Schools denied her minor child, K.W. a free appropriate education. Complaint, ¶ 1. In addition, Plaintiff seeks compensatory education and attorney's fees. Complaint, pp. 4-5.

**STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of establishing, by a preponderance of the evidence, that the court has jurisdiction over her claim. See *Shekeyon v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.C.C. 2002). When considering whether a plaintiff has met their burden, the court must accept all of the factual allegations in the complaint as true, and may, when appropriate, consider materials outside the pleadings. *See Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d

1249, 1253-54 (D.C. Cir. 2005).  Because a 12(b)(1) motion imposes an affirmative obligation on the court to ensure it's acting within its jurisdiction, the "'plaintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." *Grand Lodge of Fraternal Order of Police v. Ashcroft,* 185 F. Supp. 2d 9, 13-14 (D.D.C. 2001)(quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (2d ed. 1987)).

## ARGUMENT

When plaintiffs fail to timely file an appeal of a HOD under the IDEIA, the court will dismiss their claim for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. Pro. 12(b)(1).  *E.M. v. District of Columbia*, No. 06-1497 (D.D.C. October 30, 2006) ( "a failure to timely file an appeal under the IDEA deprives the Court of subject-matter jurisdiction."); *accord Cummings v. District of Columbia*, No. 04-1426 (D.D.C. September 7, 2005).  The time for filing of an HOD appeal is governed by the IDEIA, which provides:

> The party bringing the action [for judicial review of a hearing officer's decision] shall have *90 days from the date of the decision of the hearing officer* to bring such an action, or, if the State has an explicit time limitation for bringing such action under this part [20 U.S.C. §§ 1411 *et seq*.], in such time as the State law allows.

20 U.S.C. § 1415(i)(2)(B) (emphasis added).  Because the District of Columbia does not have an explicit time limitation, the 90-day deadline applies. *R.P. v. District of Columbia,* No. 07-7051, 2008 U.S. App. LEXIS 7642, *1-2 (D.C. Cir. March 28, 2008); *accord Smith  v. District of Columbia*, No. 07-0186, 2007 LEXIS 54617 (D.D.C. July, 30, 2007);

2

and *T.T. v. District of Columbia,* No. 06-0207, 2006 U.S. Dist. LEXIS 42739, *7-8 (D.D.C. June 26, 2006).

Courts in this district have applied the 90-day filing period strictly. *See, e.g., R.P. v. District of Columbia*, No. 06-1496, 2007 LEXIS 11769 (D.D.C. February 22, 2007) (dismissing as untimely a complaint filed 91 days after the HOD), *affirmed* No. 07-7051, 2008 U.S. App. LEXIS 7642 (D.C. Cir. March 28, 2008)*; J.S. v. District of Columbia,* No. 07-1265, 2008 U.S. Dist. LEXIS 8648, *3,6 (D.D.C. February 7, 2008) (dismissing complaint filed four days outside of 90-day filing period)*; Smith,* No. 07-186, 2007 LEXIS 54617 (D.D.C. July, 30, 2007)(dismissing complaint filed four days late).

In the present case, the HOD was issued on June 12, 2007. Complaint, ¶ 3. The Complaint seeking review of that decision was filed with this Court, *91 days* later, on September 11, 2007. See Complaint, generally. Because Plaintiff has failed to timely file her appeal, this Court lacks subject matter jurisdiction to hear the claims presented. Accordingly, the Complaint herein must be dismissed.

        Respectfully submitted,

        PETER J. NICKLES
        Interim Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        **/s/ Edward P. Taptich**
        EDWARD P. TAPTICH
        Chief, Equity Section 2
        Bar Number 012914

|  |  |
|---|---|
|  | **/s/ Juliane T. DeMarco** |
|  | Juliane T. DeMarco |
|  | Assistant Attorney General |
|  | Bar Number 490872 |
|  | 441 Fourth Street, N.W., Sixth Floor |
|  | Washington, D.C. 20001 |
|  | (202) 724-6614 |
|  | (202) 741-0575 (fax) |
| June 25, 2008 | E-mail: Juliane.DeMarco@dc.gov |

4