**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SOPHIA WILLIAMS, *et al.* | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )     **Civil Action No. 07-1612 (CKK)** |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ADMINISTRATIVE RECORD

Attached is an index and the record of the administrative proceedings at issue in this

action.

Respectfully submitted,

PETER NICKLES
Acting Attorney General for the District
  of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*
EDWARD P. TAPTICH [012914]
Chief, Equity Section 2

*/s/ Juliane DeMarco*
JULIANE DEMARCO [490872]
Assistant Attorney General
441 4th St., N.W., Sixth Floor South
Washington, D.C. 20001
Tel. - (202) 724-6614
Fax. - (202) 727-3625

August 22, 2008

## Index of Record

|  |  | **Page** |
|---|---|---|
| 1. | Certification of Record | 1 |
| 2. | HOD, 6/12/07 | 2-5 |
| 3. | DCPS Hearing Officer's Order, 6/1/07 | 6-7 |
| 4. | Due Process Complaint Notice, 3/28/07 | 8-10 |
| 5. | Scheduling Memorandum, 3/28/07 | 11-13 |
| 6. | Hearing Notice, 5/4/07 | 14 |
| 7. | Petitioner's Motion for Default Judgment, 5/2507 | 15-26 |
| 8. | KW-01 Student's Disclosure Letter dated 5/25/07 w/att., | 27-29 |
| 9. | KW-02 Notice Compelling DCPS Witnesses, 5/25/07 | 30 |
| 10. | KW-03 HOD, 9/8/06 | 31-40 |
| 11. | KW-04 Due Process Complaint Notice, 3/28/07 | 41-43 |
| 12. | KW-05 Hearing Notice, 5/4/07 | 44 |
| 13. | KW-06 MDT Meeting Notes, 6/16/06 | 45-48 |
| 14. | KW-07 MDT Meeting Notes, 11/30/06 | 49-50 |
| 15. | KW-08 MDT Student Evaluation Plan, 11/30/06 | 51 |
| 16. | KW-09 MDT Notes, 3/19/07 | 52 |
| 17. | KW-10 Request for Student Records, 5/7/07 | 53-56 |

**OSSE**
DC Office of the
State Superintendent
of Education

# CERTIFICATION OF RECORD

In the Matter of:        K█████ W████ 

    I, Shawnta Maddox, **Legal Assistant of the Student Hearing Office,**

DO HEREBY CERTIFY that the attached administrative record contains the entire

record in the above entitled matter as of this date, consisting of all letters, pleadings,

orders, disclosures and/or recordings.

    I FURTHER CERTIFY that the materials forwarded herewith are the true copy

of the original documents submitted in this matter.

EXECUTED this Wednesday, August 13, 2008.

**LEGAL ASSISTANT
STUDENT HEARING OFFICE**

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## ENFORCEMENT AND INVESTIGATION DIVISION
### SPECIAL EDUCATION DUE PROCESS HEARING
### CONFIDENTIAL

2007 JUN 12  AM 8: 54

Seymour DuBow, Due Process Hearing Officer DC PUBLIC
1150 5th Street, S.E.                            SCHOOL SYSTEM
Washington, D.C. 20003
(202) 442-5432; (202) 442-5556 (fax)

## <u>HEARING OFFICER'S DETERMINATION</u>

| | | |
|---|---|---|
| In the Matter of | ) | |
| | ) | |
| K█████ W██████ student | ) | |
| Date of Birth: ████94 | ) | |
| | ) | Date of Complaint: 3/28/07 |
| Petitioner, | ) | Date of Hearing: **June 4, 2007** |
| | ) | |
| v. | ) | |
| | ) | |
| **The District of Columbia Public Schools** ) | | Attending School: Rock Creek |
| | | Academy (RCA) |
| | ) | |
| | ) | |
| Respondent | ) | |

Counsel for Parent/Student:          Douglas Tyrka, Esq.
                                     **1726 Connecticut Ave., N.W.**
                                     **Washington, D.C. 20009**

Counsel for DCPS:                    Aaron Price, Esq.
                                     **825 N. Capitol Street, N.E.,**
                                     **Washington, D.C. 20002**

2

**INTRODUCTION:**

A hearing was held at the District of Columbia Public Schools (DCPS), 1150 5th Street, S.E., Washington, D.C. 20003, on June 4, 2007, at the request of Douglas Tyrka, counsel for the parent and the student.    Aaron Price represented DCPS, the other party to this hearing.  Both counsels agreed to submit the case on the documents.

**JURISDICTION:**

The hearing was held and this decision was written pursuant to the Individuals with Disabilities Education Act (IDEA) (P.L. 101-476), reauthorized as the IDEA Improvement Act of 1997 (P.L. 105-17) 20 U.S.C. 1400 Et. seq; further reauthorized as the IDEA Improvement Act of 2004 (P.L. 108-446); and their current regulations, specifically the Code of Federal Regulations at 34 CFR Part 300 and District of Columbia Municipal Regulations, Chapter 30, Education Handicapped, Title V, Sections 3000-3099.

**ISSUES:**

1.    **Did DCPS deny a Free Appropriate Public Education (FAPE) to the student by failing to comply with the HOD of September 8, 2006?**

2.    **Did DCPS deny a FAPE by failing to conduct evaluations in all areas of suspected disability?**

**DOCUMENTS SUBMITTED INTO EVIDENCE BY STUDENT:**

**KW-1-KW-10**

**DOCUMENTS SUBMITTED INTO EVIDENCE BY DCPS:**

**None**

**FINDINGS OF FACT:**

1.    A Hearing Officer's Determination of September 8, 2006 ordered that the student be placed and funded by DCPS at Rock Creek Academy, the parent's choice for placement.  The HOD further ordered that an MDT meeting be convened by October 27, 2006 to review the student's progress at RCA and update the student's IEP. (KW-3)

2.    On November 30, 2007, an MDT meeting was convened at RCA to review the student's progress at RCA.  The MDT Meeting Notes state: "In class she sleeps a lot, but she also has been missing a lot of school.  Since a total week but it wasn't consecutive days.  Academically she is a "B" student,

2

but her emotionality completely interferes with her progress." (KW-7)
The MDT Team determined that DCPS will be responsible for the
psychiatric evaluation and RCA will conduct a FBA.  (KW-7 & 8)

3.     The psychiatric evaluation has not been done. (KW-9)

**DISCUSSION AND CONCLUSIONS OF LAW:**

Counsel for the parent and student did not call any witnesses and rested on the
documents it submitted into evidence. Counsel for the parent has the burden of proof
pursuant to *3030.3* of *Title V* of the *D.C. Municipal Regulations* which places the burden
of proof on the party seeking relief that DCPS denied a FAPE to the student.

The HOD of September 8, 2006 placed the student at Rock Creek Academy
which is a private full-time day special education program.  Counsel for the parent argues
that DCPS did not comply with the HOD in not convening an MDT meeting to review
the student's progress within the HOD timeline of October 26, 2006.  An MDT meeting
did convene at Rock Creek Academy on November 30, 2006 to review the student's
progress.  DCPS was to conduct a psychiatric evaluation and that has not yet been done.
While DCPS did not convene an MDT meeting by the date specified in the HOD, an
MDT meeting did convene one month later.  The purpose of the meeting was to review
the student's progress at RCA and the one month delay did not harm the student, instead
it gave more time to RCA to observe the student.  The MDT Notes indicate that the
student is a B student academically, but often sleeps in class or is absent.  This hearing
officer concludes that RCA is providing an appropriate placement and it is the program
counsel for the parent requested.  Counsel for the parent is not challenging the
appropriateness of the RCA placement.  The student is not taking advantage of the
opportunities provided by RCA through her sleeping and absences.  Counsel for the
parent has not provided any evidence that the student is denied educational benefits at
RCA.  Counsel for the parent also argues that the failure to do a psychiatric evaluation
has resulted in a denial of a FAPE.  Counsel for the parent has not met her burden of
proof that this failure has resulted in a denial of a FAPE.  The MDT Notes indicate that
RCA has done a FBA and that the RCA clinical therapist is providing the counseling the
student's IEP requires and is adding additional goals to address current issues.  In
*Kingsmore v. District of Columbia*, No. 05-7156, (September 29, 2006), The U.S. Court
of Appeals for the District of Columbia has recently reiterated that procedural violations
of IDEA that are harmless do not deny a FAPE.: "this Court joined the majority of other
circuits in ruling that a claim based on a violation of IDEA's procedural requirements 'is
viable only if those procedural violations affected the student's substantive rights.'
*Lesesne v. District of Columbia*, 447 F.3d 828, 834 (D.C. Cir. 2006) This Court denied
relief to the plaintiff in *Lesesne* because she failed to demonstrate 'that [the student's]
education was affected by any procedural violations DCPS might have committed.' *Id.*
The *2004 Improvement Act* and its Regulation at *34 C.F.R. Section 300.513* requires that
"In matters alleging a procedural violation, a hearing officer may find that a child did not
receive a FAPE only if the procedural inadequacies – (i) Impeded the child's right to a
FAPE; (ii) Significantly impeded the parent's opportunity to participate in the decision-

making process regarding the provision of a FAPE to the parent's child; or (iii) Caused a deprivation of educational benefit."  None of those conditions have been met here.  This hearing officer concludes that counsel for the parent has not met his burden of proof that DCPS denied a FAPE to the student.


It is hereby **ORDERED** that:


**Counsel for the parent's request for relief is DENIED and the case is DISMISSED.**


**This is the final administrative decision in this matter.  Appeals on legal grounds may be made to a court of competent jurisdiction within 90 days of the rendering of this decision.**


Seymour DuBow, Esq.
Impartial Hearing Officer                    Date filed: June 12, 2007


Date Issued:

4

5

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
# STATE ENFORCEMENT & INVESTIGATONS DIVISION

David R. Smith, Due Process Hearing Officer
825 North Capitol Street, 8th Floor, N.E.
Washington, DC 20002
(202) 442-5432 (phone); (202) 442-5556(fax)

| | |
|---|---|
| In the Matter of K█████ W██████ (Student)  ) | BEFORE A SPECIAL EDUCATION |
| ) | |
| K███████ W████████                    ) | INDEPENDENT HEARING OFFICER |
|          _Petitioner_                        ) | |
| ) | |
|      Vs.                                 ) | |
| DCPS_____) | STATE EDUCATION AGENCY |
|        _Respondent_ | |

## INTRODUCTION:

ON THIS DAY came on to be heard "Petitioner's Motion for Default Judgment for Failure to Respond."
The Motion was filed May 25, 2007 in the above styled cause.

Petitioner alleges that DCPS failed to respond within 10 days of receiving the Complaint Notice that was
filed by Petitioner on March 28, 2007.

In the Motion, Petitioner makes the above argument, but does not state how such a procedural violation
rises to the level of a denial of FAPE, nor does the Motion present evidence of procedural violations as set forth in
20 U.S.C. §1415 (f)(3)(E)(ii) that would be actionable under the IDEA "if those procedural violations affected the
student's substantive rights," as discussed in _Lesesne v. District of Columbia_, 447 F.3d 828, 834 (D.C. Cir. 2006).

As presented, the Motion is essentially a legal argument, but without a sufficient supporting factual basis,
such as declarations or affidavits, to support the Motion as a pre-hearing matter. Even so, it is essential that DCPS
submit a timely response to the allegations in the Complaint as required by the IDEIA.

1

# ORDER

Upon consideration of the above:

1.     Petitioner's Motion is **DENIED** as a pre-hearing matter.

2.     **Respondent DCPS shall file a response** to the Complaint, failure to comply as stated

herein may be asserted at the hearing as a basis for a Default Judgment.


SIGNED: this date___6 - 1 - 07_____.

_____
                        David R. Smith
              Impartial Special Education Hearing Officer

Issue Date:_____


Original to SHO – Student's File
Copy To:        Parent' - C/O:        Douglas Tyrka
                DCPS - C/O:           OGC
                Charter School - C/O: _____

2

## DUE PROCESS COMPLAINT NOTICE
### In re K▮▮▮ W▮▮▮▮
### March 28, 2007

| | |
|---|---|
| **Petitioner:** | Sophia Williams |
| **Student:** | K▮▮▮ W▮▮▮▮ |
| **DOB:** | ▮▮▮94 |
| **Current School:** | Rock Creek Academy ("RCA") |
| **Residence:** | 1213 Staples Street, N.E. |
| | Washington, D.C. 20002 |

*2007 MAR 28 PM 3:59*
*DC PUBLIC*
*SCHOOL SYSTEM*

**Petitioner's Contact Information for Special Education Purposes:**
> Tyrka & Associates, LLC
> 1726 Connecticut Ave. N.W. Suite 400
> Washington, D.C. 20009
> Tel:  202-265-4260
> Fax: 202-265-4264

**Requested Time for Hearing:**  2 hours

**Violations:**

1. Failure to comply with the terms and conditions of a September 8, 2006 HOD.
2. Failure to conduct evaluations in all areas of suspected disability.

**Facts:**

1. K▮▮▮ advocate requested a psychiatric evaluation of her at a June 16, 2006 multidisciplinary team ("MDT") meeting.
2. On November 30, 2006, the MDT concluded that a psychiatric evaluation of K▮▮▮ was warranted, and DCPS committed to performing that evaluation.
3. DCPS has never completed a psychiatric evaluation of K▮▮▮.
4. A September 8, 2006 Hearing Officer's Determination ("HOD") ordered, *inter alia*, DCPS to convene a multidisciplinary team ("MDT") meeting on or before October 27, 2006 to:
   a) review all current evaluations,
   b) review K▮▮▮ progress at RCA, and
   c) update her IEP.
5. An MDT meeting convened on November 30, 2006, but the team did not update K▮▮▮ IEP.

**Proposed resolution:**

1. A finding that DCPS violated the IDEA and denied K▮▮▮ her right to a free, appropriate public education by failing to comply with the terms and conditions of a

September 8, 2006 HOD and failing to conduct evaluations in all areas of suspected disability.

2. DCPS immediately to fund an independent psychiatric evaluation of K██████ at market rate.
3. DCPS to convene a MDT Meeting within 10 days of receiving the independent psychiatric evaluation to:
    a) review all current evaluations of K██████,
    b) revise K██████ IEP as appropriate, and
    c) develop an appropriate compensatory education plan for past deficiencies in K██████ FAPE as outlined above.
4. DCPS to pay reasonable attorney fees and costs incurred in bringing and pursuing this case.

**Resolution Meeting:**

1. The Petitioner contends that a representative of DCPS with authority:
    a. to fund an independent psychiatric evaluation at market rate;
    b. to convene an MDT Meeting; and
    c. to negotiate attorney's fees for work done prior to the resolution meeting is necessary attendees at any resolution meeting.
2. If this individual are not going to be in attendance, Petitioner requests that DCPS provide counsel with a written notice waiving its right to a resolution session 48 hours prior to any scheduled meeting.
3. The Petitioner contends that any meeting not attended by the identified individuals is not a valid resolution session, but rather an informal settlement discussion.
4. The Petitioner will be accompanied by his or her attorney at any resolution session convened subsequent to the filing of this complaint and will record any resolution session by analog or digital means.
5. Any statements by the Petitioner or his or her representative during any resolution meeting or other settlement discussion incident to the filing of this complaint are for the purposes of compromise only.

Respectfully submitted,

Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave NW, Suite 400
Washington, DC 20009
(ph) (202) 265-4260
(f) (202) 265-4264

9

# TYRKA & ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax (202)265-4264

**Recipient:**     SHO

**Fax Number:**

**From:**     Douglas Tyrka

**Regarding:**     K████ W█████ (D.O.B. ████/94)

**# of pages:**     3

**Notes:**     Due Process Complaint

## CONFIDENTIALITY NOTICE

This facsimile contains confidential information belonging to Tyrka & Associates or their client(s) that is intended solely for the recipient named above. If you are not the intended recipient named above or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Associates expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Associates. Thank you.

# STATE EDUCATION AGENCY
## DISTRICT OF COLUMBIA PUBLIC SCHOOLS

| | | |
|---|---|---|
| In the Matter of: | ) | BEFORE A SPECIAL EDUCATION |
| | ) | |
| Wi███████, K.        Petitioner | ) | |
| | ) | HEARING OFFICER |
| Vs. | ) | |
| | ) | |
| **PUBLIC** | ) | |
| **Rock Creek Academy** | ) | DISTRICT OF COLUMBIA |
| | ) | |
| Respondent | ) | PUBLIC SCHOOLS |

## SCHEDULING MEMORANDUM

1.　A due process complaint notice and request for due process hearing has been received by the Student Hearing Office in the State Enforcement & Investigation Division. Pursuant to 20 U.S.C. § 1415(f)(1)(B), prior to the opportunity for an impartial due process hearing, the Local Educational Agency shall convene a resolution meeting with the parent(s) and the relevant member or members of the IEP Team who have specific knowledge of the facts identified in the complaint <u>within 15 calendar days of receiving notice of the parents' complaint</u>. The meeting shall include a representative of the Local Educational Agency who has decision-making authority. The Local Education Agency is responsible for scheduling the resolution meeting in consultation with the parent. **<u>The Student Hearing Office does not schedule or participate in resolution meetings</u>**.

2.　The complaint notice was filed on **March 28, 2007**

3.　The deadline for the resolution meeting is **April 12, 2007** unless the parent and Local Educational Agency agree in writing to waive such meeting, or agree to refer the case to a mediator for mediation.

### RESPONSE TO THE COMPLAINT

A.　***Prior Written Notice Not Issued by the Local Educational Agency***. If the Local Educational Agency has not sent a prior written notice to the parent regarding the subject matter contained in the parent's due process complaint notice, the Local Educational Agency shall, <u>within 10 days of receiving the complaint</u>, send to the parent a response that shall include:

    1.　An explanation why the Local Educational Agency proposed or refused to take action raised in the complaint;

    2.　A description of other options that the IEP Team considered and the reasons why those options were rejected;

    3.　A description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and

    4.　A description of the factors that is relevant to the agency's proposal or refusal.

Rev'd. 7/6/05

B.   Prior written notice, if not already provided to the parent, must be sent by the Local Educational Agency to the complaining party no later than **April 7, 2007**.

C.   ***Deficiency Notice***.   A complaint notice shall be deemed sufficient unless the party receiving the notice notifies the Student Hearing Office and the complaining party in writing, <u>within 15 days of receiving the notice of the complaint</u>, that the complaint does not satisfy the notice requirements specified in 20 U.S.C. 1415(b)(7)(A).

D.   The deadline for filing a deficiency notice is **April 12, 2007**.

## DUE PROCESS HEARING

Pursuant to 20 U.S.C. § 1415(f)(1)(B)(ii) if the Local Educational Agency has not resolved the complaint to the satisfaction of the parents within 30 days of the receipt of the complaint, the due process hearing may occur, and all applicable time lines for scheduling a due process hearing will commence.  A final hearing officer's decision must be issued within 45 days from the expiration of the 30-day resolution period.

## QUESTIONS AND INFORMATION

The staff with the Student Hearing Office does not provide legal advice.  The parties should consult with legal counsel or other representative to answer any legal questions about your rights, duties, and responsibilities under the law.  The school or the Local Education Agency responsible for scheduling the meeting will provide information about the time, date, and location of the resolution meeting.

Rev'd. 7/6/05

Complaint Intake Unit
825 North Capitol Street, NE- 8th Fl.
Washington, DC 20002
(202) 724-6556

DISTRICT OF COLUMBIA PUCLIC SCHOOLS
State Enforcement & Investigation Division
For Special Education Programs

# Fax

## Time Sensitive Materials Attached

**Prompt Attention: Attorney:Douglas Tyrka, Esq.**
**Parent: Sophia Williams**

Telephone Number: **(202) 265-4260**
Fax Number: **(202) 265-4264**

Pages: **3**
Date: **March 28, 2007**

**Please find attached a copy of a Scheduling Memorandum regarding:**

Student: **K⬛⬛⬛⬛ W⬛⬛⬛⬛**
School:  **Attending Rock Creek Academy**

The Complaint Intake Unit is responsible for providing parties with
information notice that a Due Process Complaint has been filed with the
Student Hearing Office.  If you have questions about the attached Notice,
please contact the Complaint Intake Unit at (202) 724-6556.  Otherwise, if
you have questions about the content of the compliant you should contact
your legal counsel for further advice.

**Thank You**
**Marica Brown**

The document(s) accompanying this telecopy transmission contains confidential information that Is legally
privileged.  The information is intended only for use of the individual or entity named Above, if you are not the
intended recipient you are hereby notified that any disclosure, copying, Distribution or the taking of any action in
reliance of the contents of this copied information is Strictly prohibited.  If you receive this telecopy in error, please
immediately notify us by telephone For return of the original document to us.

13

TRANSMISSION VERIFICATION REPORT

```
                                    TIME  : 05/04/2007 14:12
                                    NAME  :
                                    FAX   :
                                    TEL   :
                                    SER.# : BROE6J471573
```

```
DATE,TIME          05/04  14:11
FAX NO./NAME       92654264
DURATION           00:00:26
PAGE(S)            01
RESULT             OK
MODE               STANDARD
                   ECM
```

# District of Columbia Public Schools
## *State Enforcement & Investigation Division*
### STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
PHONE: (202) 442-5432
FAX: (202) 442-5556



**HEARING NOTICE**

| MEMORANDUM VIA: [X]FACSIMILE [ ] MAIL [ ] HAND DELIVERY |
| --- |

TO:    Parent (or Representative): _D. TYRKA_                    Fax No.: _265-4264_

LEA Legal Counsel: _OGC_

RE:    _W_____, K___   and (LEA) DOB: ___/__/94_
            Student's Name

FROM:   **SHARON NEWSOME**
        Special Education Student Hearing Office Coordinator

DATE SENT:    _5/4/07_

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

The Student Hearing Office received your Request for Due Process Hearing or Mediation for the above named student on
_3/28/07_. Please be advised that the hearing has been scheduled for:

DATE:    _6/4/07_

TIME:    _3:00 PM_

14

Before the
### DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### STATE ENFORCEMENT AND INVESTIGATION DIVISION

|  |  |  |
|---|---|---|
| In re K█████ W█████ | ) | Assigned Hearing Officer |
| Special Education Student. | ) | Hearing of June 4, 2007 |
|  | ) |  |

### PETITIONER'S MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT

The Petitioner respectfully moves for a default judgment for the Petitioner for the failure of the Respondent to file a response to the Petitioner's Complaint as required by 20 U.S.C. § 1415(c)(2)(i).

### BACKGROUND

On March 28, 2007, the Petitioner filed a due process complaint under 20 U.S.C. § 1415(b). At the time the Complaint was filed, the Respondent had not served the Petitioner with a prior written notice complying with 20 U.S.C. § 1415(c)(1) addressing all of the allegations in the Complaint. As of the date of the filing of this Motion, the Respondent has not served a response to the Complaint on the Petitioner.

### APPLICABLE LAW

The IDEA requires that:

[i]f the local educational agency has not sent a prior written notice to the parent regarding the subject matter contained in the parent's due process complaint notice, such local educational agency shall, within 10 days of receiving the complaint, send to the parent a response that shall include –
(aa) an explanation of why the agency proposed or refused to take the action raised in the complaint;
(bb) a description of other options that the IEP Team considered and the reasons why those options were rejected;
(cc) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action; and
(dd) a description of the factors that are relevant to the agency's proposal or refusal.

15

20 U.S.C. § 1415(c)(2)(B)(i)(I).

The IDEA requires that a "prior written notice," which would negate the need for a response under 20 U.S.C. § 1415(c)(2)(B)(i)(I), contain all of the following:

(A) a description of the action proposed or refused by the agency;
(B) an explanation of why the agency proposes or refuses to take the action and a description of each evaluation procedure, assessment, record, or report the agency used as a basis for the proposed or refused action;
(C) a statement that the parents of a child with a disability have protection under the procedural safeguards of this part and, if this notice is not an initial referral for evaluation, the means by which a copy of a description of the procedural safeguards can be obtained;
(D) sources for parents to contact to obtain assistance in understanding the provisions of this part;
(E) a description of other options considered by the IEP Team and the reason why those options were rejected; and
(F) a description of the factors that are relevant to the agency's proposal or refusal.

20 U.S.C. § 1415(c)(1).

The IDEA is silent on the question of the proper remedy for the failure of a local educational agency ("LEA") to file a response under 20 U.S.C. § 1415(2)(B)(i)(I).

**ARGUMENT**

Because the Respondent's failure to serve a response undermines the entire hearing process and thereby denies the Petitioner due process, the Petitioner is entitled to a default judgment.

In <u>Massey v. District of Columbia</u>, the District Court for the District of Columbia specifically noted that DCPS' failure, <u>inter alia</u>, to issue a proper response called into question the adequacy of the entire administrative process:

Surely Congress did not intend for parents to be left with no remedy when the school district fails to observe the procedural safeguards in the IDEA.
\*\*\*
DCPS appears incompetent to address, in the manner required by the IDEA, a parent's complaints about [its] failures. Therefore, the Courts find

2

that the plaintiffs have demonstrated that pursuing their claim through the administrative process would be inadequate.

400 F.Supp. 2d 66, 73 (2005) (citations omitted).

The Court in Massey stated that Congress intended there to be a remedy for DCPS' failure to serve a response. Unfortunately, the statute does not specify the remedy.

The federal courts have held that, where the IDEA is silent regarding a procedural rule, the most closely analogous state rule must be applied. In an administrative proceeding under the IDEA, the most closely analogous state rules are the District of Columbia Superior Court Rules of Civil Procedure 12(a)(5) and 55(a), which provide the remedy for a civil defendant's failure timely to file an answer to a complaint.

Because those rules require that a court enter a default when a defendant fails timely to file an answer, the hearing officer should grant the Petitioner a default for the Respondent's failure to serve a response.

## I. IN THE ABSENCE OF A CLEAR PROCEDURE IN THE IDEA, THE MOST CLOSELY ANALOGOUS STATE RULES SHOULD BE APPLIED.

The federal courts have ruled that where the IDEA is silent, the most closely analogous state rule should be applied, provided that the state rule is consistent with the policies of the IDEA. See, e.g., Spiegler v. Dist. of Columbia, 866 F.2d 461 (D.C. Cir. 1989)(applying local limitations period for appeals of administrative decision to federal actions brought following adverse administrative decisions under predecessor to IDEA).

In Spiegler, the Court of Appeals held that the District of Columbia 30-day statute of limitations for review of agency orders applied to federal cases challenging hearing

3

officers' decisions under the Education of the Handicapped Act ("EHA"), the predecessor

to the IDEA. 866 F.2d at 462-470. Congress had not provided a statute of limitations in

the text of the EHA, so the Court of Appeals applied the local limitations period because

it was closely analogous and consistent with the policies underlying the EHA. Id.

The Court in Spiegler applied a two-part analysis: 1) identifying the most closely

analogous state rule; and 2) determining whether the application of that rule was

consistent with the federal policies underlying the EHA. In performing the first part of

the analysis, the Court held that a substantive federal claim challenging the findings and

decision of an EHA hearing officer was "sufficiently analogous to an appeal from an

administrative decision to permit us to borrow the 30-day local limitations period for

such appeals." 866 F.2d at 466. In the second part of the analysis, the Court concluded

"that a 30-day limitations period, when combined with a duty by the District to inform

hearing participants of the short [limitations] period, was not so harsh as to be

inconsistent with [the EHA's underlying] policies." Id.

Though the Spiegler Plaintiffs had argued for the application of the District of

Columbia's default 3-year statute of limitations, the Court of Appeals found the 30-day

limitations period consistent with federal policies: "Because the Act emphasizes the

prompt resolution of disputes, we find at the outset that a shorter rather than longer

statute of limitations would be more consistent with the policies underlying the Act." Id.

at 467.

According to the Spiegler decision, in forming a remedy for the Respondent's

failure to serve a response to the complaint, the hearing officer should determine the state

4

rules most closely analogous to this situation, and should apply them if they are not

inconsistent with the federal policies underlying the IDEA.

**II.    THE STATE RULES MOST CLOSELY ANALOGOUS TO THIS SITUATION ARE DISTRICT OF COLUMBIA SUPERIOR COURT RULES OF CIVIL PROCEDURE 12(A)(5) AND 55(A).**

Generally, the two best sources for analogous rules in IDEA hearings are the

District of Columbia Office of Administrative Hearings Procedural Rules ("OAH rules"),

D.C. Mun. Regs. tit. 1 §§ 2800 et seq., and the District of Columbia Superior Court Rules

of Civil Procedure ("Civil Rules").

In Spiegler, the Court of Appeals used the OAH Rules to determine the

appropriate statute of limitations period for challenging the findings and decisions of an

impartial due process hearing officer. However, because the OAH Rules do not require

any response in a state administrative proceeding, they are not applicable to an action

initiated under the IDEA, which now requires a response containing very specific

information within 10 days of the filing of the complaint. Compare OAH Rule 2813.5

("[u]nless otherwise ordered, no responsive pleading is required in cases commenced by

a request for a hearing.") with 20 U.S.C. § 1415(2)(B)(i)(I)(requiring response to IDEA

complaint and listing necessary elements in response); D.C. Mun. Regs. tit. 1 §§ 2813.5.

The Civil Rules, on the other hand, deal extensively with every aspect of pleading

practice, including the procedures for serving initial and responsive pleadings and the

consequences of violations of those procedures. See Super. Ct. Civ. R. 3, 7, 8, 12 & 55.

The Civil Rules dictate the necessary contents of answers, the timelines for filing answers

and the penalties for failure to file. See Super. Ct. Civ. R. 12 & 55.

5

Because the OAH rules do not require responsive pleadings and the Civil Rules do, the Civil Rules are the state rules most closely analogous to the IDEA response requirement. The hearing officer should therefore apply the Civil Rules by analogy as long as they are consistent with the federal policies underlying the IDEA.

### III. BY ANALOGY, THE CIVIL RULES REQUIRE THE HEARING OFFICER TO RULE BY DEFAULT FOR THE PETITIONER.

District of Columbia Superior Court Rule of Civil Procedure 12(a)(5) and 55(a) are the state rules most closely analogous to the Respondent's failure to serve a response, as argued supra. The rules require that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the Clerk or the Court shall enter the party's default." Super. Ct. Civ. R. 55(a); see also Super. Ct. Civ. R.12(a)(5)("Except where the time to respond to the complaint has been extended as provided in Rule 55(a), failure to comply with the requirements of this Rule shall result in the entry of a default by the Clerk or the Court sua sponte unless otherwise ordered by the Court.")

The courts do not have any discretion in the entry of a default for failure to respond to a complaint; "the Clerk or the Court shall enter the party's default." Super. Ct. Civ. R. 55(a)(emphasis added). The comment to Rule 12 makes clear the intent that default be automatic in those circumstances. See Super. Ct. Civ. R. 12, cmt ("[P]aragraph (5) has been added to preserve the existing Superior Court rule of automatic entry of default against a defendant who does not timely respond to the complaint.").

The District of Columbia Court of Appeals has addressed this issue, and has enforced the clear text of the Rules in favor of automatic and non-discretionary default. See Digital Broadcast Corp. v. Rosenman & Colin, LLP, 847 A.2d 384, 388-89 (D.C.

6

20

App. 2004)(holding that Rule 55(a) default is automatic and non-discretionary);

Restaurant Equip. and Supply Depot, Inc. v. Gutierrez, 852 A.2d 951, 954-56 (D.C. App.

2004)(holding that default for failure to file answer was automatic even where defendant

had filed motion to dismiss).

An entry of default is not a final judgment terminating a proceeding. "[T]he entry

of default does not constitute a judgment, but simply precludes the defaulting party from

offering any further defense on the issue of liability." Lockhart v. Cade, 728 A.2d 65, 68

(D.C. 1999). "[T]he defaulted party retains the right to contest and mitigate unliquidated

damages." Digital, 847 A.2d at 389 n.7. In other words, the default resolves all liability

questions against the defaulting party, but does not determine ultimate relief.

Because the serving of a "response" under the IDEA is a perfect analogue to the

filing of an answer under the Civil Rules, and the Respondent has in this case failed to

serve a response, by analogy to the Civil Rules the hearing officer must issue the

equivalent to a default against the Respondent. The equivalent to a default in IDEA

administrative hearings is a finding, as a matter of law, that the Respondent has

committed all of the violations identified in the Complaint.

Where a violation is all that is necessary to justify relief, the hearing officer may

simply order the relief requested in the Complaint. In the alternative, where further

evidence is necessary before specific relief can be ordered, the hearing officer should

schedule a hearing for the sole purpose of adjudicating the issues relevant to relief.

7

IV.    AN ORDER OF DEFAULT AFTER AN LEA HAS FAILED TO
       SERVE A RESPONSE IS WHOLLY CONSISTENT WITH THE
       POLICIES UNDERLYING THE IDEA IN THAT IT PROTECTS
       THE RIGHTS OF CHILDREN, ENCOURAGES PROMPT
       RESOLUTION OF DISPUTES, PROMOTES ADMINISTRATIVE
       EFFICIENCY AND PRESERVES PROCEDURAL EQUITY.

The application of the Civil Rules to this situation and the consequential order of

default against the Respondent comports with the policies underlying the IDEA.

The primary purposes of the IDEA are, of course, "to ensure that all children with

disabilities have available to them a free appropriate public education" and "to ensure

that the rights of children with disabilities and parents of such children are protected." 20

U.S.C. § 1400(d)(1).

Additionally, it is clear from the statute and the case law that certain policies

underlie the procedural aspects of the IDEA. In Spiegler, the Court of Appeals noted that

Congress' intent in passing the EHA was "to ensure the prompt resolution of disputes

regarding the appropriate education for handicapped children." 866 F.2d 461, 467. The

recent amendments to the IDEA, most notably the clauses regarding the complaint, the

response and the resolution session, indicate a Congressional intent to improve

administrative efficiency by narrowing issues and limiting unnecessary hearings. See 20

U.S.C. § 1415(b)(6), (c)(2)(B)(i)(I) & (f)(1)(B). Finally, Congress' respect for the

adversarial process and intent to establish basic procedures to ensure fairness in hearings

can be found in the IDEA's rights to counsel, to disclosure of evidence, to subpoenas, to

cross-examination and to attorneys' fees; the Act's new clauses enabling the dismissal of

inadequately drafted complaints; and the Act's new provisions regarding the training and

competence of hearing officers. See 20 U.S.C. § 1415(c)(2)(A), (f)(3)(A) & (h).

8

These four purposes – protection of the rights of children with disabilities, prompt resolution of special education disputes, administrative efficiency and procedural fairness – are all furthered by an order of default against the Respondent for failing to serve a response.

Obviously, a ruling in favor of a parent or child, particularly a ruling that prevents the LEA from violating the IDEA and sandbagging a petitioner at hearing, helps to protect the rights of children with disabilities. It is equally obvious that a default for failure to respond to a complaint furthers prompt resolution and administrative efficiency, both in the short term, in that the parties and the hearing officer are not forced to litigate issues regarding which the respondent has offered no defense, and in the long term, in that the respondent will be more likely to serve a proper response in future cases.

The impact of a default on procedural equity deserves a bit more consideration, because the recent amendments to the IDEA have changed the balance of procedural obligations. Under the old version of the law, a petitioner needed only to file a minimal hearing request, and the respondent did not need to file a response. Under the current version of the law, by the time a respondent has failed to serve a response and thereby made itself subject to default, a petitioner has had to file a substantially more comprehensive complaint, which has had to withstand a judgment of its sufficiency. See 20 U.S.C. § 1415(b)(7) & (c)(2)(D). If the complaint is found sufficient, the petitioner is granted a hearing, but cannot raise any issue not identified in the complaint. See 20 U.S.C. § 1415(f)(3)(B). While petitioners now bear that new burden, respondents bear a new burden of their own – the response to the complaint.

9

A default against an LEA for failure to serve a response would enforce the policy of procedural fairness evident in the IDEA's new requirements of a reciprocal information exchange prior to the resolution session and the hearing. To decline to issue a default would confound Congress' clear intent to require LEAs to provide the same level of information that petitioners must provide, and would create a fundamentally unfair system in which a petitioner is denied his/her opportunity to make a case if he/she fails to provide information according to IDEA procedure, but an LEA is allowed to make its case in the opposite situation.

## CONCLUSION

Because a default against the Respondent in this case is wholly consistent with the policies underlying the IDEA, and the denial of a default would frustrate Congress' intent, the hearing officer should apply the most closely analogous state rule to this situation and grant the Petitioner a default by applying Civil Rules 12(a)(5) and 55(a) by analogy.

Respectfully submitted,

Douglas Tyrka
Tyrka & Associates, LLC
1726 Connecticut Ave. NW, Suite 400
Washington, DC 20009
(ph) (202) 265-4260
(f) (202) 265-4264

DATE FILED:    May 25, 2007

10

**Certificate of Service**

I hereby certify that a copy of this Motion was sent via facsimile to Counsel for

the Respondent on May 25, 2007.

Respectfully submitted,

Douglas Tyrka
Tyrka & Associates, LLC
1726 Connecticut Ave. NW, Suite 400
Washington, DC 20009
(ph) (202) 265-4260
(f) (202) 265-4264

11

# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

*Recipient:*  SHO & OGC

*Fax Number:*

*From:*  Douglas Tyrka

*Regarding:*  K█████ W███████

*# of pages:*  12

*Notes:*  Default Motion

2007 MAY 25 AM 10: 41
DC PUBLIC SCHOOL SYSTEM

## CONFIDENTIALITY NOTICE

This facsimile contains confidential information belonging to Tyrka & Associates or their client(s) that is intended solely for the recipient named above. If you are not the intended recipient named above or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Associates expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Associates. Thank you.



# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264 ♦

**May 25, 2007**

Attorney-Advisor
Office of the General Counsel
District of Columbia Public Schools
Washington, DC 20002-4232
By Fax:  202-442-5097/5098

<u>RE: K▮▮▮▮▮W▮▮▮▮ (D.O.B. ▮▮▮/94)</u>

Attorney-Advisor:

 A hearing has been scheduled for **3:00 p.m. on June 4, 2007**, to adjudicate a due process complaint filed on behalf of the above-captioned student, K▮▮▮▮ W▮▮▮▮.  In addition to any documents and witnesses disclosed by DCPS, the parent reserves the right to rely on the following witnesses and documents, as well as any other documents previously disclosed or offered into evidence in any other matter concerning this student.

Documents:

1.  05/25/07 Disclosure Letter
2.  05/25/07 Notice Compelling DCPS Witness(es)

**Administrative Record**

3.  09/08/06 Hearing Officer's Determination
4.  03/28//07 Due Process Complaint Notice
5.  05/04/07 Due Process Hearing Notice

**MDT Meeting Notes, Etc.**

6.  06/16/06 MDT Meeting Notes
7.  11/30/06 MDT Meeting Notes
8.  11/30/06 Student Evaluation Plan
9.  03/19/07 MDT Meeting Notes

**Correspondence**

10. 05/07/07 Request for Access to Student Records

**KW1**

27

Witnesses:[1]

1. Ms. Sophia Williams, Parent; 1213 Staples Street NE, Washington, DC 20002; (202) 399-9197
2. Ms. Sharon Millis, Special Education Advocate & Expert; Tyrka & Associates, LLC
3. Mr. Keith Coyle, Associate; Tyrka & Associates, LLC
4. Mr. Zachary Nahass, Associate; Tyrka & Associates, LLC
5. Ms. Camille McKenzie, Office Assistant; Tyrka & Associates, LLC
6. Mr. Patrick Meehan, Law Clerk; Tyrka & Associates, LLC
7. Mr. Michael Tchorni, Law Clerk; Tyrka & Associates, LLC

Respectfully submitted,

Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave NW, Suite 400
Washington, DC  20009
(ph) (202) 265-4260
(f) (202) 265-4264

---

[1] Some witnesses may be testifying by telephone and/or use a designee.  The address and phone numbers for all employees or agents of Tyrka & Associates can be found in the letterhead for this correspondence.

2

```
TRANSMISSION VERIFICATION REPORT

                              TIME  : 05/25/2007 11:50
                              NAME  : TYRKA & ASSOCIATES
                              FAX   : 2022554264
                              TEL   : 2022554260
                              SER.# : 000A6J693992
```

```
DATE,TIME                   05/25  11:42
FAX NO./NAME                2024425097
DURATION                    00:07:51
PAGE(S)                     30
RESULT                      OK
MODE                        STANDARD
                            ECM
```

# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

*Recipient:*      OGC

*Fax Number:*

*From:*           Douglas Tyrka

*Regarding:*      K██████ W██████

*# of pages:*     30

*Notes:*          DISCLOSURE

29



# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264 ♦

**May 25, 2007**

Attorney-Advisor
Office of the General Counsel
District of Columbia Public Schools
Washington, DC 20002-4232

      **RE: K█████ W██████ (D.O.B. ███/94)**

Attorney-Advisor:

      Pursuant to 34 C.F.R. § 300.509(a)(2) and D.C. Mun. Regs. tit. 5 § 3031.1(b), Petitioner hereby compels the following necessary and material witnesses:

1. Any DCPS employee and/or agent who has drafted notes of any meeting or telephone conversation, which DCPS intends to submit as evidence at this hearing.

                        Respectfully submitted,

                        Douglas Tyrka, #467500
                        Tyrka & Associates, LLC
                        1726 Connecticut Ave NW, Suite 400
                        Washington, DC  20009
                        (ph) (202) 265-4260
                        (f) (202) 265-4264

**KW2**
30

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
# STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: September 8, 2006

TO: Douglas Tyrka

FROM: STUDENT HEARING OFFICE

RE: W███████, K████████

TOTAL NUMBER OF PAGES, INCLUDING COVER: 10

COMMENTS:

*CONFIDENTIALITY NTOICE:* The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

**KW3**
31

# District of Columbia Public Schools
## State Enforcement and Investigation Division
Terry Michael Banks, Due Process Hearing Officer
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(571) 437-7381
Facsimile: (202) 442-5556

2006 SEP -7 PH 4: 57
DC PUBLIC
SCHOOL SYSTEM

### Confidential

| | | |
|---|---|---|
| K▬▬▬ W▬▬▬, STUDENT | ) | |
| | ) | |
| Date of Birth: ▬▬ 1994 | ) | Hearing Date: September 7, 2006 |
| | ) | |
| Petitioner, | ) | Complaint Filed: July 5, 2006 |
| | ) | |
| v. | ) | |
| | ) | |
| THE DISTRICT OF COLUMBIA | ) | Held at: 825 North Capitol Street, N.E. |
| PUBLIC SCHOOLS | ) | 8th Floor |
| | ) | Washington, D.C. 20002 |
| Respondent. | ) | |
| | ) | |
| Student Attending: | ) | |
| Wheatley Elementary School | ) | |

## HEARING OFFICER'S DECISION

| | |
|---|---|
| **Parents:** | Ms. Sophia Williams, Mother<br>1213 Staples Street, N.E.<br>Washington, D.C. 20002 |
| **Counsel for Petitioner:** | Douglas Tyrka, Esquire<br>Tyrka & Houck, LLP<br>1726 Connecticut Avenue, N.W.; Suite 400<br>Washington, D.C. 20009<br>(202) 265-4260; Fax: (202) 265-4264 |
| **Counsel for DCPS:** | Aaron E. Price, Esquire<br>Office of the General Counsel, DCPS<br>825 North Capitol Street, N.E.; 9th Floor<br>Washington, D.C. 20002 |

An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Decision as a public record.

## INDEX OF NAMES

| Child | K⬛⬛⬛ W⬛⬛⬛ |
|---|---|
| Child's Parent(s) (specific relationship) | Sophia Williams, Mother |
| Child/Parent's Representative | Douglas Tyrka, Esquire |
| School System's Representative | Aaron E. Price, Esquire |
| Special Education Specialist, DCPS | Lela Hackley Johnson |
| Principal or Designee | Keren Plowden, Executive Director of Student Services, RCA |

## Jurisdiction

This hearing was conducted in accordance with the rights established under the Individuals With Disabilities Education Improvement Act of 2004 ("IDEIA"), 20 U.S.C. Sections 1400 et seq., Title 34 of the Code of Federal Regulations, Part 300; Title V of the District of Columbia ("District" or "D.C.") Municipal Regulations ("DCMR"), re-promulgated on February 19, 2003; and Title 38 of the D.C. Code, Subtitle VII, Chapter 25.

## Introduction

Petitioner is a twelve year-old student attending Wheatley Elementary School ("Wheatley"). On July 5, 2006, Petitioner filed a *Due Process Complaint Notice* ("*Complaint*") alleging that the District of Columbia Public Schools ("DCPS") failed to comply with a Hearing Officer's Decision ("HOD"). On July 21, 2006, DCPS filed *District of Columbia Public School's Response to Due Process Complaint Notice* ("*Response*"). In its *Response*, DCPS stated that (1) it denies all allegations in the *Complaint* and "upon information and belief, contends that ongoing efforts are underway to comply with scheduling an MDT mtg," (2) it did not issue a Prior to Action Notice, and (3) the "allegations stated within petitioner's complaint require no further prior written notice." On August 30, 2006, Petitioner filed *Petitioner's Amended Motion for Entry of Default and Default Judgment* ("*Motion*") on the grounds that DCPS did not file a response to the *Complaint* that complied with the requirements of IDEIA.

The due process hearing was convened on September 7, 2006. The parties' Five Day Disclosure Notices were admitted into evidence at the hearing. Petitioner's counsel renewed Petitioner's *Motion*. DCPS argued that its *Response* complied with IDEIA. DCPS also stipulated that it did not convene a Resolution Session. The hearing officer granted the *Motion*, because the *Response* did not comply with the requirements of IDEIA, and because DCPS failed to convene a Resolution Session meeting.[1] The hearing officer then took testimony only on the issue of the appropriateness of Petitioner's proposed educational placement, Rock Creek Academy ("RCA").

## Witnesses for Petitioner

Keren Plowden, Executive Director of Student Services, RCA

---

[1] DCPS' position was similar to that advanced in *J.S.*, which position this hearing officer rejected in an HOD on July 26, 2006.

3

34

Witnesses for DCPS

None

## Findings of Fact

1. Petitioner is a twelve year-old student attending Wheatley.[2]

2. DCPS did not convene a Resolution Session meeting.

3. On June 9, 2006, an HOD was issued that required, *inter alia*, DCPS to convene a Multidisciplinary Team ("MDT") within fifteen business days to "review all evaluations including the independent clinical evaluation and review and revise the student's IEP including the student's disability classification and discuss and determine placement."[3]

4. DCPS convened an MDT meeting seven days after the issuance of the HOD, but it did not revise the IEP and did not determine a placement.[4]

5. The MDT determined that Petitioner required a full-time therapeutic, special education setting, including psychological counseling.[5]

6. Petitioner's disability classification is emotional disturbance ("ED").[6]

7. Rock Creek Academy ("RCA") accepted Petitioner on April 17, 2006. RCA is a private day school offering full-time special education services. RCA offers occupational therapy, physical therapy, speech and language services, and psychological counseling. If Petitioner were to attend RCA, she would be in a class of six students, led by a certified special education teacher. RCA employs a behavior modification system in which points are awarded and tracked on a class period by period basis. Students are awarded points for positive behaviors to determine access to benefits, and the reports are sent home to parents each night.[7]

## Conclusions of Law

1. Under IDEA, a local education agency is required to file a response to the Complaint within ten days of receipt thereof, providing a detailed explanation of the agency's proposal or refusal to take the action raised in the Complaint, unless the agency

---

[2] *Complaint* at 1.
[3] Petitioner's Exhibit ("P.Exh.") No. 3 at 5.
[4] P.Exh. No. 5.
(6th Cir. 2004)
[5] P.Exh. Nos. 4 and 5.
[6] *Id.*
[7] Testimony of Ms. Plowden.

4

35

has sent a prior written notice to the parent regarding the subject matter contained in the Complaint.[8] DCPS disclosed no prior notice. Therefore, it was obligated to file a response satisfying the requirements of 20 U.S.C Section 1415(c)(2)(B)(i)(I) within ten days of receipt of the *Complaint*. The *Complaint* alleged that DCPS failed to comply with the June 9, 2006 HOD. DCPS' *Response* conceded that it had not yet complied with the HOD. If DCPS had a justifiable reason for failing to comply with the HOD, it did not reveal it in the *Response*. Therefore, DCPS either conceded its violation of the HOD and failed to provided any affirmative defenses it planned to raise as required by 20 U.S.C Section 1415(c)(2)(B)(i)(I).

Nor did DCPS conduct a Resolution Session Meeting within fifteen days of receipt of the *Complaint* as required by 20 U.S.C. Section 1415(f)(1)(B). The Resolution Meeting is required to provide the parents an opportunity to discuss their concerns with the appropriate school officials and to provide the local educational agency an opportunity to resolve the Complaint without resort to a due process hearing.[9] DCPS disclosed no documentation of an attempt to schedule a Resolution Session meeting.

A federal judge in the District of Columbia District Court was recently faced with a failure on the part of DCPS to file a response to the Complaint in that case. Judge Lamberth cited those failures as justification for concluding that DCPS' administrative proceedings were so dysfunctional that it was unnecessary to compel the petitioner to comply with the customary legal requirement to exhaust all administrative remedies before seeking relief in federal court.

> Finally, the inadequacy of DCPS' administrative remedy is illustrated by its blatant disregard for the statutory requirement of a written response to the Masseys' request for a due process hearing. Under the statute, if DCPS had not previously issued a Prior Notice for Tiffany, it was required to respond in writing to the request for a due process hearing... Furthermore, DCPS may not determine the form of its response: the required content of the written response is precisely detailed in the IDEA... Since DCPS had not issued a Prior Notice for Tiffany at the time of receiving the due process hearing request, it was obligated to respond in writing within ten days.

> The specific requirements for the written response include: (1) an explanation of why the agency proposed or refused to take the action raised in the complaint; (2) a description of other options that the IEP Team considered and the reasons why those options were rejected; (3) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action; and (4) a description of the factors that are relevant to the agency's proposal or refusal...

> DCPS also argues that it is only required under the IDEA to issue a written notice

---

[8] 20 U.S.C. §1415(c)(2)(B)(i)(I). The statute imposes specific requirements as to the contents of the agency's response.
[9] 20 U.S.C. Section 1415(f)(1)(B)(i)(IV).

responding to the substance of the complaint... Since the complaint was the failure to place Tiffany, DCPS argues, a notice placing her at MM Washington Center conforms with the statutory requirement... But, as described above, the IDEA does not allow DCPS to respond generally to the substance of the complaint in whatever form it deems appropriate. On the contrary, Congress' delineation of the four requirements makes clear that general responses are not acceptable. DCPS also implied at the October 18 Hearing that any failure to conform to the statute was a mere technical oversight. It is technical compliance with the law, however, that gives parents faith that their concerns will be addressed in accordance with Congress' intent. Many of the procedural safeguards in the IDEA are extremely technical, spelling out particular deadlines and required content. This kind of detail embodies the purpose of a statute prescribing administrative - *i.e.*, procedural - remedies. *See Blackman v. District of Columbia*, 277 F. Supp. 2d 71, 78 (D.D.C. 2003) (Friedman, J.) (noting that "the procedural due process protections included by Congress in the IDEA are of critical importance to effectuating the goals of the statute") (citing *Bd. of Ed. of the Hendrick Hudson Central Sch. Dist. v. Rowley*, 458 U.S. 176, 102 S. Ct. 3034, 73 L. Ed. 2d 690 (1982)). Does DCPS mean to imply that it is permitted to violate the IDEA as long as the ways in which it does so are minor? This Court has not been directed to any evidence that Congress intended an exemption for "close enough."

### 5. DCPS' Administrative Process is Inadequate

Because of DCPS' repeated failures to follow unambiguous terms of the law and to acknowledge and correct its mistakes, this Court cannot find that DCPS' process for administrative relief would be adequate.[10]

Because DCPS (1) conceded that it had violated the June 9, 2006 HOD in its *Response*, (2) failed to reveal any alleged justifications for failing to comply with the HOD in its *Response*, and (3) failed to conduct a Resolution Session meeting, Petitioner is entitled to a default judgment.

2. The record also reveals that the MDT deferred the placement decision to the "site review committee." Thus, it proposed to delegate its sole authority to determine a placement to a DCPS entity that would not include Petitioner's mother. This constitutes impermissible predetermination. The placement determination must be made "by a group of persons, including the parents, and other persons knowledgeable about the child, the meaning of the evaluation data, and the placement options, and ... is based on the child's IEP."[11] Each public agency must ensure that a parent of a child with a disability is a member of any group that makes decisions on the educational placement of the parent's child. [12] DCPS disclosed no documents in its Five-Day Disclosure Notice. Therefore, it

---

[10] *Massey v. District of Columbia*, 400 F.Supp.2d 66, 71-72 (D.D.C. 2005), some citations omitted.

[11] 34 C.F.R. §300.116(a)(1).

[12] 34 C.F.R. §300.501(c)(1). *See W.G. v. Board of Trustees of Target Range School District No. 23*, 960 F.2d 1479, 1484-85 (9th Cir. 1992)( when the school district proposed a predetermined program, the court held that in order to fulfill the goal of parental participation in the IEP process, the school district was

6

could offer no documentation to refute the admission in the MDT Meeting Notes that the MDT abdicated its obligation to make a placement determination.

      3. RCA would be an appropriate placement for Petitioner. It offers a small-class, low student-to-teacher ratio environment that Petitioner requires. It offers a therapeutic environment with licensed social workers and a full-time nurse. RCA also employs a behavior modification system that can address any behavioral problems Petitioner might present.

      Under *Florence County School District Four v. Carter*,[13] when a public school system has defaulted on its obligations under the Act, a private school placement is "proper under the Act" if the education provided by the private school is "reasonably calculated to enable the child to receive educational benefits."[14] "[O]nce a court holds that the public placement violated IDEA, it is authorized to 'grant such relief as the court determines is appropriate.' '…[E]quitable considerations are relevant in fashioning relief'… and the court enjoys 'broad discretion' in so doing."[15]

      4. Petitioner is the prevailing party in this proceeding.


## ORDER

      Upon consideration of Petitioner's request for a due process hearing, *District of Columbia Public School's Response to Due Process Complaint Notice, Petitioner's Amended Motion for Entry of Default and Default Judgment*, the parties' Five Day Disclosure Notices, the testimony presented at the hearing, and the representations of the parties' counsel at the hearing, this 7th day of September 2006, it is hereby

      **ORDERED**, that *Petitioner's Amended Motion for Entry of Default and Default Judgment* is **GRANTED**.

      **IT IS FURTHER ORDERED**, that Petitioner is placed at RCA. DCPS shall immediately issue a Prior Notice placing Petitioner at RCA including transportation and all other appropriate related services.

---

required to conduct, not just an IEP meeting, but a "*meaningful*" IEP meeting); *Deal v. Hamilton County Board of Education*, 392 F.3d 840, 858-59 (6th Cir. 2004)(school system's refusal to consider parents' proposal was impermissible predetermination); *Spielberg ex rel. Spielberg v. Henrico County Public Schools*, 853 F.2d 256, 258-59 (4th Cir. 1988)(placement must be based on the IEP, and parents' after the fact involvement in the decision does not satisfy the obligation to provide a meaningful opportunity to participate in the decision).

[13] 510 U.S. 7 (1993).
[14] *Id.*, 510 U.S. at 11.
[15] *Id.*, 510 U.S. at 15-16.

**IT IS FURTHER ORDERED,** that on or before October 27, 2006, DCPS shall convene an MDT meeting to review all current evaluations, review Petitioner's progress at RCA, and update Petitioner's IEP. DCPS shall coordinate scheduling the MDT meeting with Petitioner's counsel, Douglas Tyrka, (202) 265-4260.

**IT IS FURTHER ORDERED,** that any delay in meeting any of the deadlines in this Order because of Petitioner's absence or failure to respond promptly to scheduling requests, or that of Petitioner's representatives, will extend the deadlines by the number of days attributable to Petitioner or Petitioner's representatives. DCPS shall document with affidavits and proofs of service for any delays caused by Petitioner or Petitioner's representatives.

**IT IS FURTHER ORDERED,** that in the event of DCPS' failure to comply with the terms of this Order, Petitioner's counsel will contact the appropriate DCPS Placement Specialist, the Special Education Coordinator at RCA, and the DCPS Office of Mediation & Compliance to attempt to bring the case into compliance prior to filing a hearing request alleging DCPS' failure to comply.

**IT IS FURTHER ORDERED,** that this Order is effective immediately.

### Notice of Right to Appeal Hearing Officer's Decision and Order

This is the final administrative decision in this matter. Any party aggrieved by the findings and/or decision may bring a civil action in any state court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy within ninety (90) days of the entry of the Hearing Officer's Decision, in accordance with 20 U.S.C. Section 1415(i)(2)(B).

Terry Michael Banks
Hearing Officer

Date:   September 7, 2006

Issued: 9|8|06

8

39

Copies to:

Douglas Tyrka, Esquire
Tyrka & Houck, LLP
1726 Connecticut Avenue, N.W. ; Suite 400
Washington, D.C. 20009
(202) 265-4260; Fax: (202) 265-4264

Aaron E. Price, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.; 9th Floor
Washington, D.C. 20002

## DUE PROCESS COMPLAINT NOTICE
### In re K█████ W█████
**March 28, 2007**

| | |
|---|---|
| **Petitioner:** | Sophia Williams |
| **Student:** | K█████ W█████ |
| **DOB:** | ███/94 |
| **Current School:** | Rock Creek Academy ("RCA") |
| **Residence:** | 1213 Staples Street, N.E. |
| | Washington, D.C. 20002 |

**Petitioner's Contact Information for Special Education Purposes:**
> Tyrka & Associates, LLC
> 1726 Connecticut Ave. N.W. Suite 400
> Washington, D.C. 20009
> Tel: 202-265-4260
> Fax: 202-265-4264

**Requested Time for Hearing:** 2 hours

**Violations:**

1. Failure to comply with the terms and conditions of a September 8, 2006 HOD.
2. Failure to conduct evaluations in all areas of suspected disability.

**Facts:**

1. K█████ advocate requested a psychiatric evaluation of her at a June 16, 2006 multidisciplinary team ("MDT") meeting.
2. On November 30, 2006, the MDT concluded that a psychiatric evaluation of K█████ was warranted, and DCPS committed to performing that evaluation.
3. DCPS has never completed a psychiatric evaluation of K█████.
4. A September 8, 2006 Hearing Officer's Determination ("HOD") ordered, *inter alia,* DCPS to convene a multidisciplinary team ("MDT") meeting on or before October 27, 2006 to:
   a) review all current evaluations,
   b) review K█████ progress at RCA, and
   c) update her IEP.
5. An MDT meeting convened on November 30, 2006, but the team did not update K█████ IEP.

**Proposed resolution:**

1. A finding that DCPS violated the IDEA and denied K█████ her right to a free, appropriate public education by failing to comply with the terms and conditions of a

**KW4**

September 8, 2006 HOD and failing to conduct evaluations in all areas of suspected disability.

2. DCPS immediately to fund an independent psychiatric evaluation of K▇▇▇▇ at market rate.
3. DCPS to convene a MDT Meeting within 10 days of receiving the independent psychiatric evaluation to:
   a) review all current evaluations of K▇▇▇▇,
   b) revise K▇▇▇▇ IEP as appropriate, and
   c) develop an appropriate compensatory education plan for past deficiencies in K▇▇▇▇ FAPE as outlined above.
4. DCPS to pay reasonable attorney fees and costs incurred in bringing and pursuing this case.

**Resolution Meeting:**

1. The Petitioner contends that a representative of DCPS with authority:
   a. to fund an independent psychiatric evaluation at market rate;
   b. to convene an MDT Meeting; and
   c. to negotiate attorney's fees for work done prior to the resolution meeting
   is necessary attendees at any resolution meeting.
2. If this individual are not going to be in attendance, Petitioner requests that DCPS provide counsel with a written notice waiving its right to a resolution session 48 hours prior to any scheduled meeting.
3. The Petitioner contends that any meeting not attended by the identified individuals is not a valid resolution session, but rather an informal settlement discussion.
4. The Petitioner will be accompanied by his or her attorney at any resolution session convened subsequent to the filing of this complaint and will record any resolution session by analog or digital means.
5. Any statements by the Petitioner or his or her representative during any resolution meeting or other settlement discussion incident to the filing of this complaint are for the purposes of compromise only.

Respectfully submitted,

Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave NW, Suite 400
Washington, DC  20009
(ph) (202) 265-4260
(f) (202) 265-4264

```
              TRANSMISSION VERIFICATION REPORT

                                    TIME  : 03/28/2006 04:00
                                    NAME  : TYRKA & ASSOCIATES
                                    FAX   : 2022654264
                                    TEL   : 2022654260
                                    SER.# : 000A6J693992


   DATE,TIME             03/28  03:59
   FAX NO./NAME          2024425556
   DURATION              00:00:51
   PAGE(S)               03
   RESULT               OK
   MODE                  STANDARD
                         ECM
```

# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

*Recipient:*      SHO

*Fax Number:*

*From:*           Douglas Tyrka

*Regarding:*      K███████ W███████ (D.O.B. ███/94)

*# of pages:*     4

*Notes:*          Due Process Complaint

43

# District of Columbia Public Schools
## *State Enforcement & Investigation Division*
### STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
PHONE: (202) 442-5432
FAX: (202) 442-5556



### HEARING NOTICE

| MEMORANDUM VIA: [X] FACSIMILE [ ] MAIL [ ] HAND DELIVERY |
|---|

TO:     Parent (or Representative): *D. TYRKA*     Fax No.: *265-4264*

LEA Legal Counsel: *OGC*

RE:     W███████, K██████    and (LEA) DOB: ████/94
        Student's Name

FROM:    **SHARON NEWSOME**
        Special Education Student Hearing Office Coordinator

DATE SENT:    *5/4/07*

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

The Student Hearing Office received your Request for Due Process Hearing or Mediation for the above named student on *3/28/07*. Please be advised that the hearing has been scheduled for:

DATE:    *6/4/07*

TIME:    *3:00 pm*

AT:     825 North Capitol Street, NE, Washington, DC
        8th Floor

ASSIGNED HEARING OFFICER: _____

[ ] THIS IS A FINAL NOTICE OF HEARING: If you wish to request a continuance of this hearing, you must submit your request to the Special Education Student Hearing Office at the above address, or by fax at 202 442-5556. All decisions regarding continuances are made *exclusively* by the Hearing Officer, and cannot be made by SHO administrative staff. Unless you receive notice that the Hearing Officer has granted your request for a continuance, you must appear for the hearing as scheduled above.

[X] THIS IS A PROVISIONAL NOTICE OF HEARING: The SHO was unable to accommodate any of your proposed dates. If you are unavailable for the above date, you must inform the SHO in writing (letter or fax) that the date is unavailable and specify times during the next four business days when you are either available or unavailable for a teleconference with the Hearing Officer. If the SHO does not receive a response from you within three business days of your receiving this provisional notice, the notice becomes a final notice of hearing that may be modified with only a request for a continuance.

Failure to appear for a properly scheduled hearing may result in dismissal of the case or a default judgment against you. Disclosure of evidence and witnesses to the opposing party is required at least **five business days** prior to the hearing with copies to the Special Education Student Hearing Office.

**KW5**

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

## Multidisciplinary Team
## (MDT)
## MEETING NOTES

Annual IEP Review **Meeting Notes**

STUDENT: K_____  W_____          SCHOOL: Wheatley Elementary    DATE: 6/16/2006

| PARTICIPANTS: (Print Name) | PARTICIPANTS: (Sign Name) | POSITION |
|---|---|---|
| Sophia Williams | *not in attendance* | Parent/Guardian |
| Bessie Colding | | Special Ed |
| Ms. Payton | *participated by phone* | General Ed Teacher |
| Lela Johnson | *Lela Johnson* | LEA Representative |
| Eugene Pair | | Principal or Designee |
| | | Student |
| Carolyn Johnson | | School Psychologist |
| *Sharon Millis* | *Carolyn Johnson* | *SPEA advocate* |

Introductions were made and the purpose of the meeting was stated as an annual review of K_____ IEP. Pursuant to HOD dated 6/6/06, the team will review the independent clinical conducted 10/27/05 and make any needed accommodations/adjustments.

General Ed Teacher's Report: K_____ had good and bad days. She was making progress at one point, but started wanting to fight and get involved in negative behaviors. K_____ eventually became more involved in the classroom, but she had a tendency to sleep during the morning hours. When she did participate, she required a lot of direct instruction in order to keep up with the instruction that had been delivered during the morning. K_____ had no problem seeking help and asking for clarification when she needed it.

Ms. Payton indicated that K_____ did not receive special education services for the entire school year. K_____ stayed with Ms. Payton for the majority of the school day. However, Mr. Dickens (classroom teacher) did work with K_____ in small groups within the classroom.

Psychologist's Report: Based on a review of previous assessments, Ms. Carolyn Johnson administered an additional comprehensive psychological which was inclusive of an academic measure. This was done in order to update her current level of cognitive functioning. Based on this most recent assessment, cognitive functioning was found to be in the borderline range, while academic functioning was in the low average to average range.

Based on DCPS standards, K_____ does meet the criteria for a student with an emotional disturbance. Ms. C. Johnson recommends that K_____ be placed in a therapeutic setting. Additionally, K_____ will receive psycho-social counseling as a related service.

The MDT is also requesting that a Functional Behavior Assessment and a Behavior Intervention Plan be devel DCPS will pursue placement in a therapeutic center. However, Ms. Millis (advocate) is requesting placement in Rock Creek Academy.

**KW6**

The Parent ☐ is present ☑ is **not** present at the meeting.

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

MULTIDISCIPLINARY TEAM
(MDT)
**MEETING NOTES (continuation)**

MDT

STUDENT: _____ K_____ W_____ _____ SCHOOL: Wheatley Elementary _____ DATE: 6/16/2006

Ms. Millis requested that K_____ receive 2 hours of psycho-social counseling, however, the team felt that 1.5 hours would be sufficient at this point.  It should also be noted that the FBA and BIP should be completed within 45 school days after K_____ begins her next placement.

Compensatory education was discussed and DCPS offered a total of 72 hours of tutoring in the areas of math, reading, and written language in order to compensate for missed instruction during the '05/'06 school year.
Ms. Millis did not feel that this amount was adequate enough to address K_____ deficits.

At this point, the team will have to reconvene to develop an appropriate IEP for K_____

K_____ W_____ MDT 6/15/06

General education teacher had her
all day long even though K____
W____ had 20 hours of special
instruction on her IEP. Teacher
stated she did not have sped
but someone came in the class to
help once in a while.

Updated psychological provided at
the MDT.

General ed teacher attended by phone
SEC took over in March due to the
death of the previous coordinator
Only Psychologist and SEC were at
meeting

DCPS feels she qualifies as ED
and needs a full time therapeutic
setting

Advocate has requested Rock Creek
Academy as the placement for
K_____

Advocate requested 2 hours of psycho
counseling even though 3 hours was
recommended by the evaluations
FBA and BIP need to be done
within 45 days after she gets to

47

has placement.
Advocate also requested a
Psychiatric as recommended
by the Clinical
DCPS was unable to develop an
IEP due to lack of documents
and personnel even though the Advo
was prepared to go forward.
█████████ has not had any Speciali
instruction for an entire year of
20 hours a week. DCPS is offerin
72 hours of 1-1 tutoring which the
Advocate feels is not adequate
compensation for an entire year that
was missed

48

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

MULTIDISCIPLINARY TEAM
(MDT)
MEETING NOTES

MDT REFERRAL DATE:                                                          MEETING DATE: 11/30/2006
STUDENT:   W_____, K_____          SCHOOL:  Rock Creek Academy _____

| PARTICIPANTS | PARTICIPANTS: (Sign Name) | POSITION |
|---|---|---|
| Sharon Millis | | Ed. Advocate |
| Ms. Holloman | | Clinical Therapist |
| Ms. Page | | IEP Coordinator |
| Mr. Tyler | | Special Educator |

The purpose today's meeting is to get an overall idea of how K_____ is doing since she's been here at Rock Creek Academy. Also team will develop a SEP for a psychiatric evaluation and a FBA. DCPS will be responsible for the psychiatric evaluation and Rock Creek Academy will conduct a FBA.

Ms. Holloman, Clinical Therapist: Has been working with her since October. She is very respectful in group. She can be positive, but when it comes to a particular peer member she can be disrespectful toward. A peer mediation was utilize as an intervention; since then everything has died down. She does seem to be making progress. The other issue on observation is that she is sleeping in class and her mother says, "K_____ is sleeping, because she is not getting enough rest due to her staying up late." Ms. Holloman is currently seeing her for 60 minutes per/wk for clinical therapy. Ms. Holloman has only been seeing K_____ for 1 hour per/wk, but her IEP requires 1.5 and it has been a total of 4 hours that she missed and Ms. Holloman will make up the service four hours that was missed. In addition, Ms. Holloman would like to revise and add additional goals to address the trauma of being threatened by neighbor and the sleeping in class. Ms. Holloman will see K_____ for 1.5 hours per/wk as mandated on the IEP.

Mr. Tyler, Special Educator: She has responded to the male figure role, but she did not respond well to Mr. Tyler being in the hospital for a week. Behaviorally K_____ was the perfect student, but it was the honey noon phase. She was getting in trouble for being out of location, disrespecting staff. In class, she sleeps a lot, but she also have been missing alot of school. Since a total week but it wasn't consecutive days. Academically she is a "B" student, but her emotionality completely interferes with her progress. Small incidents can create chaos at times.

Compensatory Education: The advocate is requesting two years of comp ed. for specialized instruction and clinical therapy. MDT contacted DCPS and comp. ed. discussion was not able to be finalize at the MDT, but DCPS stated by Ms. Whaller that a comp ed. plan will be provided by next week.

THE PARENT ☒ IS PRESENT ☑ IS NOT PRESENT AT THE MEETING
AFTER A REVIEW OF THE ASSESSMENTS, IT IS DETERMINED THAT   W_____, K_____
☑ CONTINUES TO BE ELIGIBLE FOR SPECIAL EDUCATION
☒ IS TO BE EXITED FROM SPECIAL EDUCATION

**KW7**

█████ "W████     MJST  11/30/06

DCPS still has not done the
psychiatric that was recommended
by the clinical. I am Earls this
evaluation is needed. Rock Creek
will do the FBA with direct
measures. She had no special
education or therapy at all last
year or the year before.
Advocate is requesting 2 years
of Comp Ed
Additional goals/objectives for
Soc/Emot will be added by
therapist and sent to Advocate

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
DIVISION OF SPECIAL EDUCATION
WASHINGTON, D.C.

MULTIDISCIPLINARY TEAM
(MDT)
STUDENT EVALUATION PLAN
(SEP)

| | | MDT SEP |
|---|---|---|

MDT REFERRAL DATE: _11/30/2006_                                                                    MEETING DATE: __11/30/2006__

STUDENT: _W_____ K_____   DOB: ____/1994_   AGE: _12_   GRADE: _7_   SCHOOL: __Rock Creek Academy__
STUDENT IDENTIFICATION NUMBER: __9066733__   TEACHER/HOMEROOM: Mr. Tyler /
ADDRESS: _1213 Staples Street NE, Washington, D.C. 20002_
PARENT(S)/GUARDIAN: __Sophia Williams__   TELEPHONE (H): __202-399-9197__   TELEPHONE (W): __

**Summarize Area(s) of Concern:**
K_____ clinical evaluation recommended that she should have a psychiatric evaluation. Per HOD Ms. Millis is requesting that one is being completed.

**Team Recommendations:**
MDT is recommending that a FBA and psychiatric should be completed to address her social emotional needs.

| | | | TIMELINE | |
|---|---|---|---|---|
| **ASSESSMENT** | **ASSESSOR** | **TEST INSTRUMENT** | **ASSIGNED** | **DUE DATE** |
| Other | — | — | | — |

| TEAM MEMBERS: NAME | POSITION | TEAM MEMBERS: NAME | POSITION |
|---|---|---|---|
| _Arvetta D. Page_ | _IEP Coordinator_ | _Mr. Tyler_ | _Special Educator_ |
| _Ms. Holloman_ | _Clinical Director_ | _Sharon Mills_ | _Ed. Advocate_ |

The MDT meeting to discuss the evaluation results is scheduled on ___ at ___ in room ___

**KW8**

MDT 3/19/07

FBA was done by RCA but Psychiatric DCRS was supposed to do has not been done. Due to this lack of evaluation RCA was unable to review anything other than the FBA. Outstanding camped issues (Advocate previously requested 2 years) was not able to be discussed since DCRS was not in attendance

KW9

52



# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

May 7, 2007

Sherrie Waul
LEA for Rock Creek Academy
Office of Special Education
825 North Capitol St. NE
Washington, DC 20002

**Re:** K██████ W███████

Dear Ms. Waul:

A due process complaint filed on behalf of this student has been scheduled to be heard at *3:00pm on June 4th, 2007.* In order to meet their evidentiary burden under Section 3030.3 of Title V of the D.C. Municipal Regulations[1], the parent is respectfully requesting that your school provide our office with an opportunity to inspect, review, and copy the following records:

> All form 6s
> All standardized test scores, such as CTBS or SAT-9
> All evaluation reports and DCPS reviews, including triennial review
> IEPs, BLMDT, MDT notes, placement notices, and letters of invitations
> for all years in special education
> All report cards, including progress reports and attendance records
> All disciplinary records, incident reports, and manifestation
> determinations
> All encounter tracking forms
> A list of all of the student's special and general education teachers

Any other records or correspondence you believe are relevant.

As counsel for the parent, we are entitled to make this request pursuant to governing provision of the Individuals with Disabilities Education Act. *See* 20 U.S.C. § 1415(b)(1); 34 C.F.R. § 300.613;[2] D.C. Mun. Regs. tit. 5 § 3021;[3] D.C.P.S. S.H.O. S.O.P. §800.2 .[4]

---

[1] "The burden of proof shall be the responsibility of the party seeking relief; either the parent/or guardian of a child or the LEA. Based solely upon the evidence presented at the hearing, an impartial hearing officer shall determine whether the party seeking relief presented sufficient evidence to meet the burden of proof that the action and/or inaction or proposed placement is inadequate or adequate to provide the student with a Free Appropriate Public Education (FAPE)."
[2] "The agency shall comply with a [records] request without unnecessary delay . . ., and in no case more than 45 days after the request has been made."
[3] " "
[4] "Parents have the right to examine all records maintained by the school that are related to their child. . . Parents may authorize counsel, advocates, investigators or other individuals to review and obtain copies of their children's records."

The parent respectfully requests that you contact our offices immediately in order to reach a mutually agreeable time and manner in which you will provide us with access to these records.

Our experience is that most schools prefer to provide our office with copies of these records by mail or fax. If you do not respond to our request within five (5) business days, we will assume that copies of the requested documents are forthcoming by either mail or fax.

**The parent also respectfully requests that our office be notified immediately as soon as any newly obtained records become available.**

Sincerely,

Camille McKenzie
Tyrka & Associates, LLC
Attorneys for the Petitioner
1726 Connecticut Avenue, N.W., Suite 400
Washington, D.C. 20009
p. (202) 265-4260
f. (202) 265-4264

54

# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

**Recipient:**     Sherrie Waul ~ Office of Special Education

**Fax Number:**

**From:**          Camille McKenzie

**Regarding:**     K████ W█████

**# of pages:**    3

**Notes:**         Due Process Records Request

## CONFIDENTIALITY NOTICE

This facsimile contains confidential information belonging to Tyrka & Associates or their client(s) that is intended solely for the recipient named above. If you are not the intended recipient named above or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Associates expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Associates. Thank you.

TRANSMISSION VERIFICATION REPORT

```
TIME  : 05/07/2007 12:36
NAME  : TYRKA & ASSOCIATES
FAX   : 2022654264
TEL   : 2022654260
SER.# : 000A6J693992
```

```
DATE,TIME          05/07  12:35
FAX NO./NAME        2024425517
DURATION           00:00:48
PAGE(S)            03
RESULT             OK
MODE               STANDARD
                   ECM
```

# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

*Recipient:*      Sherrie Waul ~ Office of Special Education

*Fax Number:*

*From:*           Camille McKenzie

*Regarding:*      K█████ W██████

*# of pages:*     3

*Notes:*          Due Process Records Request

56